UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eric Goldstein, Matt Sudol, and Bonnie Zelazek, individually and as representatives of a class of similarly situated persons, and on behalf of the Mutual of America Life Insurance Company Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>Mutual of America Life Insurance Company, the Mutual of America Investment Manager Committee, and John and Jane Does 1-20,<br><br>Defendants. | Case No. 1:22-cv-7862-GHW-OTW<br><br>CLASS ACTION |

### Declaration of Brock J. Specht in Support of
### Plaintiffs' Motion for Preliminary Approval of Class Action Settlement

I, Brock J. Specht, declare and state as follows:

1. I am a partner at Nichols Kaster, PLLP ("Nichols Kaster"), and am one of the attorneys of record for Plaintiffs in the above captioned action. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

### Settlement Terms

2. Attached hereto as **Exhibit A** is a true and correct copy of the proposed Class Action Settlement Agreement. The Settlement resolves Plaintiffs' class action claims against Mutual of America Life Insurance Company ("Mutual of America") and the Mutual of America Investment Manager Committee ("Committee") (collectively, "Defendants") regarding Defendants' administration and management of the Mutual of America Life Insurance Company Plan ("Plan").

1

3. The Settlement Agreement applies to the following Class:

All participants in and beneficiaries of the Mutual of America Life Insurance Company Savings Plan at any time on or after September 14, 2016, through the date the Court enters the Preliminary Approval Order, excluding any persons with responsibility for the Plan's administrative functions or investments.

*Settlement* ¶ *1.9*. Based on information provided by the Plan's recordkeeper, there are approximately 2,045 Class Members.

4. Under the terms of the proposed Settlement, Defendants will pay a Gross Settlement Amount[1] of two million seven hundred fifty thousand dollars ($2,750,000) into a common fund for the benefit of the Settlement Class. *Id.* ¶¶ *1.29, 4.2*. Based on Plaintiffs' estimates, the Gross Settlement Amount represents approximately 26% of the total estimated losses of $10.3 million.

5. After accounting for any Attorneys' Fees and Costs, Administrative Expenses, and Class Representative service awards approved by the Court, the Net Settlement Amount will be distributed to eligible Class Members in accordance with the Plan of Allocation in the Settlement. *Id.* ¶¶ *5.1-5.10*.

6. Under the Plan of Allocation, the Net Settlement Amount will be divided between each Class Member's Recordkeeping Claim (25% of Net Settlement Amount) and their Investment Claim (75% of Net Settlement Amount). *Id.* ¶ *5.2* This 25% / 75% apportionment between the two claims roughly corresponds to Plaintiffs estimation of the relative losses attributable to excessive recordkeeping fees on the one hand and investment underperformance on the other hand.

7. To calculate each Recordkeeping Claim Entitlement Amount, the Settlement Administrator shall determine the number of quarters that each individual maintained a balance in

---

[1] Unless otherwise specified herein, all capitalized terms have the meaning assigned to them in Article 1 of the Settlement Agreement.

the Plan above $0.00 that was invested in Mutual of America Funds or Unaffiliated Plan Funds from September 16, 2016 through November 30, 2021. *Id.* ¶ *5.3(a)(i).*[2] Each quarter will represent one point for that individual, except that any balance from September 16, 2016, through September 30, 2016, will count as .15 points and any balance from October 1, 2021 to November 30, 2021, will count as .66 points. The maximum number of points that a participant may receive is 20.81. *Id.* The Settlement Administrator shall then divide each individual's points by the sum of the points of all Class Members. *Id.* ¶ *5.3(a)(ii).* The Settlement Administrator shall then determine each Class Member's Recordkeeping Claim Entitlement Amount by taking the percentage calculated in 5.3(a)(ii) and multiplying it by 25% of the Net Settlement Amount. *Id.* ¶ *5.3(a)(iii).*

8. Class Members' Investment Claim Entitlement Amount will be determined by the Settlement Administrator after calculating each Class Member's Average Qualifying Account Balance as follows:

> Each Class Member's average, aggregate quarter-ending account balance invested in Mutual of America Funds and the Interest Accumulation Account in Plan for the period of September 14, 2016 to May 1, 2023.[3]

The Settlement Administrator shall then determine each Class Member's Investment Claim Entitlement Amount by calculating each individual's pro rata share of 75% of the Net Settlement Amount, based on their Average Qualifying Account Balance compared to the sum of all Class Members' Average Qualifying Account Balances. *Id.* ¶ *5.3(b)(ii).*

---

[2] On December 1, 2021, the Plan terminated its group annuity contract with Mutual of America and moved to a net asset value platform. *Am. Compl.* ¶ 21.

[3] Mathematically stated, the Average Qualifying Account Balance shall be calculated as follows:
(Q3 2016 Account Balance * (14/92)) + (Q4 2016 Account Balance) + (Q1 2017 Account Balance) + (Q2 2017 Account Balance) + (Q3 2017 Account Balance) + (Q4 2017 Account Balance) + (Q1 2018 Account Balance) + (Q2 2018 Account Balance) + (Q3 2018 Account Balance) + (Q4 2018 Account Balance) + (Q1 2019 Account Balance) + (Q2 2019 Account Balance) + (Q3 2019 Account Balance) + (Q4 2019 Account Balance) + (Q1 2020 Account Balance) + (Q2 2020 Account Balance) + (Q3 2020 Account Balance) + (Q4 2020 Account Balance) + (Q1 2021 Account Balance) + (Q2 2021 Account Balance) + (Q3 2021 Account Balance) + (Q4 2021 Account Balance) + (Q1 2022 Account Balance) + (Q2 2022 Account Balance) + (Q3 2022 Account Balance) + (Q4 2022 Account Balance) + (Q1 2023 Account Balance) + (Q2 2023 Account Balance * (30/91)))
Divided by 26.49 quarters during the Class Period.

3

9. The Settlement Administrator will then determine each Class Member's Final Entitlement Amount by adding their Recordkeeping Claim Entitlement Amount and Investment Claim Entitlement Amount. *Id.* ¶ 5.3(c).

10. Participant Class Members' accounts will be automatically credited with their share of the Settlement Fund. *Id.* ¶ 5.4. Former Participants will automatically receive a direct payment by check unless they elect to have their distribution rolled over to an individual retirement account or other eligible employer plan. *Id.* ¶ 5.5.[4]

11. In addition to the foregoing monetary compensation, the Settlement also provides Defendants will ensure that, for the next three years, at least half of the Plan's investment funds are managed by third-party entities unaffiliated with Mutual of America. *Id.* ¶ 6.1. Defendants have also agreed to retain the Plan's current NAV recordkeeping platform for the next three years, unless Defendants determine that using the NAV recordkeeping platform is no longer consistent with ERISA. *Id.*

12. In the absence of a settlement, Plaintiffs would have faced uncertainty and risk in connection with their claims. Given these risks (which are outlined in the accompanying Memorandum of Law), and the costs and potential delays associated with further litigation, I believe that the Settlement is fair, reasonable, and adequate.

## Case Proceedings

13. Prior to filing the Complaint in this action, my colleagues and I conducted a thorough investigation of the claims that were asserted and the factual basis for those claims. As a result of our investigatory efforts, we were able to file a detailed, 28-page Complaint on September 14, 2022 (*ECF No. 1*).

---

[4] The Claim Form also allows the Settlement Administrator to verify the addresses of Class Members who are sent checks.

14. On November 8, 2022, Defendants filed a motion to dismiss the Complaint. *ECF No. 23*. Plaintiffs' counsel conducted additional research and analysis in response to the motion and prepared and filed the Amended Complaint (the current operative complaint) on December 1, 2022, adding the Committee and John and Jane Does 1-20 as defendants as well as additional information supporting their allegations. *ECF No. 32*. Defendants moved to dismiss the Amended Complaint on December 22, 2022. *ECF No. 36*. Plaintiffs responded to Defendants' motion on January 26, 2023, *ECF No. 44*, and Defendants filed a reply on February 16, 2023, *ECF No. 45*. As of the date of this immediate motion, the Court has not ruled on the pending motion to dismiss.

15. At the initial status conference on November 9, 2022, the Court encouraged the Parties to discuss the possibility of an early settlement and to exchange targeted discovery that would facilitate such discussions. *ECF No. 30.* The Court also stayed formal discovery while the Parties pursued these discussions. *ECF No. 27*. Following entry of the stay, the parties proceeded with targeted discovery to facilitate settlement discussions. Defendants produced several important documents, including Plan governing documents, financial records, and disclosures. After carefully analyzing these records, in conjunction with the information Plaintiffs' counsel collected during our pre-suit investigation, Plaintiffs issued a formal settlement demand and the Parties engaged in arms-length settlement negotiations.

16. At a pre-settlement conference with the Court on March 9, 2023, the Parties reported that they were engaged in ongoing, productive settlement negotiations, and the Court scheduled a follow-up conference for March 28, 2023. At the March 28, 2023 conference, the Parties reported that they had reached an agreement in principle to resolve the case on a class-wide basis, and were in the process of preparing a formal settlement agreement. *ECF No. 50.*

17.     The Parties subsequently drafted the comprehensive Settlement Agreement that is the subject of the present motion. For the reasons explained above, I believe the Settlement is fair, reasonable, and adequate.

## **Professional Overview**

18.     I am licensed to practice law in the State of Minnesota, and also have been admitted to practice in several federal district courts and appellate courts across the country. A list of jurisdictions in which I have been admitted is set forth below:

| |
|---|
| United States Court of Appeals for the Second Circuit |
| United States Court of Appeals for the Third Circuit |
| United States Court of Appeals for the Fourth Circuit |
| United States Court of Appeals for the Eighth Circuit |
| United States Court of Appeals for the Ninth Circuit |
| United States District Court for the District of Colorado |
| United States District Court for the District of Minnesota |
| United States District Court for the Western District of New York |
| United States District Court for the District of North Dakota |
| United States District Court for the Eastern District of Wisconsin |
| Minnesota Supreme Court |

19.     I have been actively engaged in the practice of law since 2007 and have been counsel of record for both plaintiffs and defendants in numerous large, complex cases that have resolved through the payments of hundreds of millions of dollars in settlements or awards. The principal types of cases that I have handled at Nichols Kaster are consumer class actions and ERISA class actions. With regard to ERISA class actions, I have substantial experience litigating these cases in federal courts across the country and, in connection with those cases, I have been involved in negotiating class action settlements providing for more than $250 million in available relief to ERISA plan participants. I have been admitted *pro hac vice* in numerous federal courts across the country and have argued before the United States Courts of Appeal for the Second, Eighth, and Ninth Circuits.

20. Along with my partner Paul Lukas, who is also counsel of record in this matter, I am one of the leaders of the ERISA practice group at Nichols Kaster. We have one of the most active and successful plaintiff-side ERISA litigation groups in the country. In addition to the present case, the firm's lawyers (including myself) have been appointed class counsel for litigation and/or settlement purposes in over twenty-five other class action cases involving retirement plans as set forth below:

- *Andrus v. NY Life Ins. Co.*, No. 1:16-cv-05698 (S.D.N.Y.);
- *Baker v. John Hancock Life Ins. Co. (U.S.A.)*, No. 1:20-cv-10397 (D. Mass.);
- *Beach v. JPMorgan Chase Bank, N.A.*, No. 1:17-cv-00563 (S.D.N.Y);
- *Berry v. FirstGroup America, Inc.*, No. 1:18-cv-00326 (S.D. Ohio);
- *Bhatia v. McKinsey & Co., Inc.*, No. 1:19-cv-01466 (S.D.N.Y.);
- *Brotherston v. Putnam Investments, LLC*, No. 1:15-cv-13825 (D. Mass.);
- *Clark v. Oasis Outsourcing Holdings Inc.*, No. 9:18-cv-81101 (S.D. Fla.);
- *Falberg v. The Goldman Sachs Group, Inc.*, No. 19-cv-9910 (S.D.N.Y.);
- *Hill v. Mercy Health Corp.*, No. 3:20-cv-50286 (N.D. Ill.);
- *In re M&T Bank Corp. ERISA Litig.*, No. 1:16-cv-00375 (W.D.N.Y.);
- *Intravaia v. Nat'l Rural Elec. Coop. Assoc.*, No. 1:19-cv-00973 (E.D. Va.);
- *Johnson v. Fujitsu Tech. & Bus. of America, Inc.*, No. 5:15-cv-03698 (N.D. Cal.);
- *Karpik v. Huntington Bancshares Inc.*, No. 2:17-cv-1153 (S.D. Ohio);
- *Kinder v. Koch Indus., Inc.*, No. 1:20-cv-02973 (N.D. Ga.);
- *Kirk v. Ret. Comm. of CHS/Community Health Sys., Inc.*, No. 3:19-cv-00689 (M.D. Tenn.);
- *Larson v. Allina Heath Sys.*, No. 0:17-cv-03835 (D. Minn.);

- *Main v. American Airlines, Inc.*, No. 3:16-cv-01033 (N.D. Tex.);

- *Mass v. Regents of the Univ. of California*, No. RG17-879223 (Alameda County Super. Ct.);

- *Moitoso v. FMR LLC*, No. 1:18-cv-12122 (D. Mass.);

- *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 1:15-cv-09936 (S.D.N.Y.);

- *Reetz v. Lowe's Co.*, No. 5:18-CV-00075 (W.D.N.C.);

- *Sims v. BB&T Corp.*, No. 1:15-cv-00732 (M.D.N.C.);

- *Stevens v. SEI Invs. Co.*, No. 2:18-cv-04205 (E.D. Pa.);

- *Toomey v. Demoulas Super Markets, Inc.*, No. 1:19-cv-11633 (D. Mass);

- *Urakhchin v. Allianz Asset Mgmt. of America, L.P.*, No. 8:15-cv-01614 (C.D. Cal.);

- *Velazquez v. Massachusetts Fin. Servs. Co.*, No. 1:17-cv-11249 (D. Mass.); and

- *Wildman v. American Century Servs., LLC*, No. 4:16-cv-00737 (W.D. Mo.).

21. Our firm took the *Putnam*, *American Century*, and *Lowe's* cases to trial. We received final court approval of settlements in *New York Life*, *John Hancock*, *JPMorgan Chase*, *McKinsey & Co.*, *Putnam*, *Oasis Outsourcing*, *Koch*, *M&T*, *Mercy Health*, *National Rural Electric Cooperative Association* ("*NRECA*"), *Fujitsu*, *Huntington Bank*, *CHS/Community Health Systems*, *Allina*, *American Airlines*, *FMR LLC* (also known as Fidelity), *Deutsche Bank*, *Lowe's* (partial settlement), *BB&T*, *SEI*, *Demoulas Super Markets*, *Allianz*, and *Massachusetts Financial Services*. We won contested class certification motions in *Goldman Sachs*, *JPMorgan Chase*, *Putnam*, *University of California*, *Deutsche Bank*, *BB&T*, *Allianz*, and *American Century*, and reached stipulations concerning class certification in our cases with *John Hancock*, *FirstGroup*, *Fidelity*, *Lowe's*, and *Massachusetts Financial Services*. We also defeated motions to dismiss in many of these cases in whole or in part, including *John Hancock*, *JPMorgan Chase*, *Putnam*, *M&T*, *NRECA*, *Fujitsu*, *Goldman Sachs*, *FirstGroup, Huntington Bank*, *American Airlines*, *University of*

8

*California*, *Deutsche Bank*, *Lowe's*, *BB&T*, *Demoulas Super Markets*, *Allianz*, *Massachusetts Financial Services*, and *American Century*, as well as in *Morin v. Essentia Health*, 2017 WL 4083133 (D. Minn. Sept. 14, 2017), *report and recommendation affirmed*, 2017 WL 4876281 (D. Minn. Oct. 27, 2017), *Nelsen v. Principal Global Investors Trust Company*, 362 F. Supp. 3d 627 (S.D. Iowa 2019), *Davis v. Stadion Money Management*, 2020 WL 1248580 (D. Neb. March 16, 2020), *Falberg v. The Goldman Sachs Group*, 2020 WL 3893285 (S.D.N.Y. July 9, 2020), *McGinnes v. FirstGroup America, Inc.*, No. 1:18-cv-00326, ECF No. 59 (S.D. Ohio March 18, 2021), *Stark v. Keycorp*, No. 1:20-cv-01254, ECF No. 24 (N.D. Ohio May 4, 2021), and *Thomson v. Caesars Holdings Inc.*, No. 2:21-cv-00961, ECF No. 109, (D. Nevada March 13, 2023).

22. The firm is viewed as a leader in ERISA 401(k) cases. According to a Bloomberg BNA article, "Nichols Kaster has been the driving force" behind 401(k) self-dealing litigation. *See* Jacklyn Wille, *Deutsche Bank Can't Shake 401(k) Fee Lawsuit*, Bloomberg BNA (Oct. 17, 2016). Attorneys from Nichols Kaster have been interviewed by National Public Radio's "All Things Considered", the Wall Street Journal, Bloomberg, Financial Times, Investment News, Bankrate.com, and several trade publications in connection with their ERISA work.

**Law Firm Overview**

23. Nichols Kaster has been engaged in the practice of law for over 30 years, and is devoted to representing the interests of both consumers and employees. The firm has offices in Minneapolis and San Francisco, and currently employs 30 attorneys and a sizeable staff of paralegals, legal assistants, class action clerks, and information technology professionals.

24. Nichols Kaster has extensive class action and collective action experience. The firm has been appointed lead counsel or co-counsel on hundreds of class and collective actions, and has recovered over $750 million for its clients.

25. Nichols Kaster was named one of the top 50 elite trial firms by National Law Journal in September 2014, and also has been ranked as a Best Law Firm by U.S. News and World Report. In addition, Nichols Kaster has received praise from numerous courts for its work. The firm's lawyers have litigated dozens of cases through trial, and have managed discovery in cases involving millions of pages of documents. The firm is also well regarded for its appellate work, and has been involved in two successful appeals before the United States Supreme Court, *Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92 (2015) and *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011).

26. Based on my personal experience and Nichols Kaster's firm-wide experience litigating ERISA cases, I believe that we were well-equipped to negotiate the Settlement that was reached in this case. For further background, a copy of our firm resume is attached as **Exhibit B**.

### Settlement Administrator

27. Plaintiffs solicited bids from potential settlement administrators and have retained Atticus Administration, LLC as the Settlement Administrator.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 14, 2023                     s/ Brock J. Specht
                                          Brock J. Specht