UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eric Goldstein, Matt Sudol, and Bonnie Zelazek, individually and as representatives of a class of similarly situated persons, and on behalf of the Mutual of America Life Insurance Company Savings Plan,<br><br>            Plaintiffs,<br><br>v.<br><br>Mutual of America Life Insurance Company, the Mutual of America Investment Manager Committee, and John Does 1-20.<br><br>            Defendant. | Case No. 1: 22-cv-7862-OTW |

**ORDER ON PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Upon consideration of Plaintiffs' Motion for Final Approval of the Class Action Settlement Agreement dated September 20, 2023 in the above matter, the Court hereby orders and adjudges as follows:

    1.    For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

    2.    The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

    3.    The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement only:

> All participants in and beneficiaries of the Mutual of America Life Insurance Company Savings Plan at any time on or after September 14, 2016, through June 6, 2023, excluding any persons with responsibility for the Plan's administrative functions or investments.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

4.  Under Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being fair, reasonable, and adequate to the Plan and the Class Members.

5.  The Court hereby approves the Settlement and orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6.  In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator (Atticus Administration, LLC), the Settlement Notices were timely distributed by first-class mail and email to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In addition, under the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7.  The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto, consistent with Rule 23 and due process.

8.  The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    A. The Settlement resulted from arm's-length negotiations by experienced and competent counsel;

    B. The Settlement was negotiated only after Defendants provided Class Counsel with pertinent information and documents;

    C. The Settling Parties were well positioned to evaluate the Class Action's value;

    D. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

    E. The amount of the Settlement ($2,750,000.00) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, potential recovery, risks of litigation, and settlements that have been approved in other similar cases;

    F. The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate;

    G. Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court;

    H. There were no objections to the Settlement; and

    I. The Settlement was reviewed by an Independent Fiduciary (Newport Trust Company), who has approved the Settlement.

  9. The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable, and adequate to the Plan and the Settlement Class.

10. This Action and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plans, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

11. In accordance with Section 8.1(a) of the Settlement Agreement, the Class Representatives and every Class Member (on behalf of themselves, their heirs, executors, administrators, successors, and assigns) and the Plan shall, with respect to each and every Plaintiffs' Released Claim, be deemed to absolutely and unconditionally, finally and forever release, relinquish and discharge each and every Plaintiffs' Released Claim that Named Plaintiffs, the Class Members or the Plan directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have against any and all of the Released Parties, and forever shall be enjoined from prosecuting any such Plaintiffs' Released Claim, whether or not Class Members received the Notice, whether or not the Class Members received a payment in connection with this Settlement Agreement, whether or not Former Participant Class Members received the Notices and/or the Former Participant Class Member Rollover Form, whether or not Former Participant Class Members have executed and delivered a Former Participant Class Member Rollover Form or have missed the Former Participant Rollover Form Deadline, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

13. The Class Representatives and each Class Member shall release Defendants, Defendants' Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement

4

Amount or Net Settlement Amount and from all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members under the provisions of ERISA. ~~and expressly retains that jurisdiction for purposes of enforcing and interpreting this Final Approval Order and/or the Settlement Agreement.~~      **OTW**

15.     The Court finds that all applicable CAFA requirements have been satisfied.

16.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each eligible Current Participant and Former Participant pursuant to the Plan of Allocation approved by the Court.

17.     With respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

18.     Within ten (10) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a Settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

19.     Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED** this 5th day of October, 2023.

                                      Hon. Ona T. Wang
                                      United States Magistrate Judge